UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN W. BOLSCH and THERESA
BOLSCH,

                Plaintiffs,                            **THIRD-PARTY COMPLAINT**

    - against -

MW MECHANICAL, INC.,                                   Civil No: 07 CIV 7680 (RPP)

                Defendant.
------------------------------------------------------------------X
MW MECHANICAL, INC.,

                Defendant/Third-Party Plaintiff,

-against-

HINES INTERESTS LIMITED PARTNERSHIP,
and 140 BW LLC,

                Third-Party Defendants.
------------------------------------------------------------------X

      Pursuant to Rule 14 to the Federal Rules of Civil Procedure, Defendant and Third-Party Plaintiff, MW MECHANICAL, INC., by its attorneys, COHEN, KUHN & ASSOCIATES, herewith asserts this Third-Party Complaint against Third-Party Defendants, HINES INTERESTS LIMITED PARTNERSHIP, a foreign limited partnership and 140 BW, LLC as owners and managing agents of the premises and a foreign limited liability company, alleging in support thereof as follows:

    1.    This civil action was commenced by plaintiffs, JOHN W. BOLSCH and THERESA BOLSCH, as set forth in their Complaint, a copy of which is attached as Exhibit "A".

    2.    This is a third-party action predicated upon claims of damages alleged in the complaint for fault and/or liability as against MW MECHANICAL, INC., including but not limited to fault and/or liability, based upon theories of negligence and Labor Law liability for a work related accident.

### First Party Action

    3.    That at all times hereinafter mentioned, plaintiffs, JOHN W. BOLSCH and THERESA BOLSCH, purport to be residents of the State of New Jersey, Monmouth County.

    4.    That at all times hereinafter mentioned, defendant and third-party plaintiff MW MECHANICAL, INC., is a corporation duly licensed and existing under the laws of the State of New York, with a principal place of business in Freeport, New York.

    5.    That at all times hereinafter mentioned, third-party defendant, HINES INTERESTS LIMITED PARTNERSHIP, was and is duly organized and existing under the laws of the State of Delaware.

    6.    That at all times hereinafter mentioned third-party defendant, HINES INTERESTS LIMITED PARTNERSHIP is a foreign limited partnership duly organized and existing under the laws of the State of Delaware.

    7.    That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP, transacted business in the State of New York.

8. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP, was a domestic corporation duly organized and existing under the laws of the State of Delaware.

9. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP, was a partnership duly organized and existing under the laws of the State of Delaware.

10. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP, was a sole proprietorship duly organized and existing under the laws of the State of Delaware.

11. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP, was a professional corporation duly organized and existing under the laws of the State of Delaware.

12. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP expected the transaction of business within the State of New York to have consequences within the State of New York.

13. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP derived substantial revenue from business and commerce that it transacted within the State of New York.

14. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP contracted to supply goods or services within the State of New York.

15. Upon information and belief, that at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP, derived and continues to derive substantial business and solicits business within the State of New York.

16. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP, has a principal place of business at 140 Broadway, 21st Floor, New York, NY 10005.

17. That at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP should reasonably have expected its acts to have consequences in the State of New York.

18. Upon information and belief, that at all times hereinafter mentioned, third-party defendant, HINES INTERESTS LIMITED PARTNERSHIP, derives substantial revenue from interstate or international commerce.

19. Upon information and belief, that at all times hereinafter mentioned third-party defendant HINES INTERESTS LIMITED PARTNERSHIP was and is a foreign limited liability company duly organized and existing by virtue of the laws of the State of Delaware and was the owner and/or managing agent of the premises..

20. That at all times hereinafter mentioned third-party defendant 140 BW LLC is a foreign limited liability company duly licensed and existing under the laws of the State of Delaware, with a principal place of business in New York, County of New York.

21. That at all times hereinafter mentioned third-party defendant 140 BW LLC is a foreign limited liability company was and is duly organized and existing under the laws of the State of Delaware.

22. That at all times hereinafter mentioned third-party defendant 140 BW LLC is a foreign limited partnership duly organized and existing under the laws of the Delaware.

23. That at all times hereinafter mentioned third-party defendant 140 BW LLC, transacted business in the State of New York.

24. That at all times hereinafter mentioned third-party defendant 140 BW LLC, was a domestic corporation duly organized and existing under the laws of the State of New York.

25. That at all times hereinafter mentioned third-party defendant 140 BW LLC was a partnership duly organized and existing under the laws of the State of New York.

26. That at all times hereinafter mentioned third-party defendant 140 BW LLC was a sole proprietorship duly organized and existing under the laws of the State of New York.

27. That at all times hereinafter mentioned third-party defendant 140 BW LLC was a professional corporation duly organized and existing under the laws of the State of New York.

28. That at all times hereinafter mentioned third-party defendant 140 BW LLC is and was the owner and or managing agent of the premises located at 140 Broadway, New York, New York 10005.

29. That at all times hereinafter mentioned third-party defendant 140 BW LLC derived substantial revenue from business and commerce that it transacted within the State of New York.

30. That at all times hereinafter mentioned third-party defendant 140 BW LLC contracted to supply goods or services within the State of New York.

31. Upon information and belief, that at all times hereinafter mentioned third-party defendant 140 BW LLC derived and continues to derive substantial business and solicits business within the State of New York.

32. That at all times hereinafter mentioned third-party defendant 140 BW LLC has a principal place of business at 140 Broadway, New York, NY 10005.

33. That at all times hereinafter mentioned third-party defendant 140 BW LLC should reasonably have expected its acts to have consequences in the State of New York.

34. Upon information and belief, that at all times hereinafter mentioned, third-party defendant, 140 BW LLC derives substantial revenue from interstate or international commerce.

35. Upon information and belief, that at all times hereinafter mentioned, third-party defendant, 140 BW LL, was and is a limited liability company duly organized and existing by virtue of the laws of the State of New York.

**Jurisdiction**

36. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as the instant action contains claims that are so related to the first-party action herein, within such original jurisdiction of this court, that they form a part of the same case or controversy under Article III of the United States Constitution.

**General Allegations**

37. Upon information and belief this action arises out of a work that was being performed on May 31, 2006 by the plaintiff as an employee of Brown Brothers Harriman, a tenant at the premises with relation to rigging on certain motor mounts for blower units on the 14th floor of the premises owned and/or managed by the third party defendants HINES INTERESTS LIMITED PARTNERSHIP and 140 BW LLC located at 140 Broadway, New York, New York.

38. Attached to this Third-Party Complaint as an Exhibit "A" is a copy of plaintiff's Summons and Complaint and incorporated herein without admitting the truth of any of the allegations herein, and without prejudice to the interests of the defendant and third-party plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANTS

39. Defendant and third-party plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "38" of this third-party complaint with the same force and effect as if more fully set forth at length herein.

40. Upon information and belief, if the plaintiff sustained the injuries as indicated in the complaint, all of which have been denied by defendant and third-party plaintiff, then such injuries were caused in whole or in part by the negligence, culpable conduct, negligent maintenance and breach of contract of the third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises.

41. By reason of the foregoing, the third-party defendant, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, are or will be liable to the defendant and third-party plaintiff for indemnification and judgment over and contribution in the full amount of recovery herein by the plaintiffs against the defendant and third-party plaintiff or the portion thereof caused by the relative responsibility of the third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises and for all costs and expenses incurred with respect to this action.

42. If any judgment is rendered against the defendant and third-party plaintiff, then said liability, verdict and/or judgment will have been brought about by the negligence, culpable conduct and negligent maintenance and repair and /or breach of contract in relation to the premises, and the third party defendantsunder the New York State Labor Law liability under Sections 240, 200 and 241(6) and repair and breach of contract of the third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, and in providing tools, manpower and appurtenance in the maintenance and servicing of the equipment blower units and motor mounts at premises 140 Broadway, New York, New York.

### AS AND FOR A SECOND CAUSE OF ACTION

43. Defendant and third-party plaintiff repeats, reiterates and re-alleges paragraphs "1" through "42" inclusive of this third-party complaint, with the same force and effects as if herein set forth at length.

44. That pursuant to the aforementioned, third-party defendant, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, should be compelled to indemnify, defend and hold harmless defendant and third-party plaintiff from all claims and damages arising and for the full amount of any recovery claimed or obtained as against defendant and third-party plaintiff, if any.

45. That if defendant and third-party plaintiff is liable to plaintiff herein for damages, costs, disbursements, interests and attorney's fees, then third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, are obligated to indemnify defendant and third-party plaintiff, MW MECHANICAL, INC., for all or part of any amount paid or payable by defendant and third-party plaintiff, MW MECHANICAL, INC., to the plaintiff.

46. That if the plaintiff was caused to sustain the injuries and damages as alleged in plaintiff's complaint through any negligence other than that of the plaintiff, then such damages were brought about by third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises and shall be found to contribute a proportionate amount or the whole of any judgment rendered against defendant/ Third Party Plaintiff, MW MECHANICAL, INC,.

### AS AND FOR A THIRD-PARTY CAUSE OF ACTION

47. Defendant and third-party plaintiff, repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of the Third-Party Complaint marked "1" through "46" with the same force and effects and if more fully set forth at length herein.

48. Prior hereto and prior to the date of the occurrence which forms the basis of the plaintiff's action, upon information and belief, defendant and third-party plaintiff, MW MECHANICAL, INC., their agents, servants and/or employees entered into contracts and/or agreements with the third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, and third-party defendants entered into contracts, leases and agreements with h plaintiff's employer Brown Brothers Harriman in which defendant, third party plaintiff is a third party beneficiary of whereby the third-party defendants agreed to defend, hold harmless and indemnify defendant and third-party plaintiff, MW MECHANICAL, INC., from each and every acts of omission or commission which formed the basis of any claim by a third-party against defendant and third-party plaintiff relative to the subject matter hereof.

49. That if the plaintiff's injuries and/or damages were sustained as alleged in the plaintiff's complaint, then pursuant to the aforesaid contracts and/or agreements, the third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, are obligated to defend, indemnify and hold harmless defendant and third-party plaintiff pursuant to the terms thereof, including all costs, disbursements and attorney fees.

50. If the plaintiff's injuries and/or damages were sustained as alleged in the plaintiff's complaint, the defendant and third-party plaintiff therefore, will be damaged and entitled to defense and indemnification from the third-party defendants, including for the legal expenses and costs incurred in defending against the plaintiff's and third-party plaintiff's claim and pursuant to this third-party action.

### AS AND FOR A FOURTH CAUSE OF ACTION

51. Defendant and third-party plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of the Third-Party Complaint marked "1" through "49" with the same force and effect as it fully set forth at length herein.

52. That pursuant to the said contracts and/or agreements, including lease agreement with plaintiff's employer Brown Brother Harriman in which defendant third party plaintiff is a third party beneficiary of, upon information and belief, the third-party defendants undertook certain duties and obligations pertinent thereto, including procurement of insurance coverage naming defendant and third-party plaintiff an insured therein.

53. That if the plaintiff sustained the injuries and damages alleged in his Complaint, they were sustained within the provisions of the aforesaid contracts, lease and/or agreement and/or the terms and conditions emanating therefrom.

54.     If the plaintiff's injuries and/or damages were sustained as alleged in the plaintiff's complaint, the defendant and third-party plaintiff therefore, will be damaged and entitled to defense and indemnification and insurance from the third-party defendants, including for the legal expenses and costs incurred in defending the plaintiff's claim and pursuing this third-party action.

**WHEREFORE**, defendant and third-party plaintiff, MW MECHANICAL, INC., demands judgment over and against the third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC for an apportionment of damages, for contribution and/or common law and/or contractual indemnification in accordance with Article 14 of the CPLR and for the costs, disbursements and attorney's fees involved in connection with the within action.

Dated:  New York, New York
        December 17, 2007

                                                By: Gary P. Asher (GPA 1188)
                                                COHEN, KUHN & ASSOCIATES
                                                Attorneys for Defendant
                                                MW MECHANICAL, INC.
                                                Two Park Avenue, 6th Floor
                                                New York, New York 10016
                                                (212) 553-8736

TO:     (DOS Process)
        HINES INTEREST LIMITED PARTNERSHIP,
        c/o CORPORATION SYSTEM
        1633 Broadway
        New York, NY 10019

        140 BW LLC                              LAW OFFICES OF MICHAEL J. ASTA
        c/o CORPORATION SYSTEM                  (MJA 1035)
        1177 Avenue of the Americas             Attorneys for Plaintiffs
        17th Floor                              JOHN W. BOLSCH and THERESA BOLSCH
        New York, NY 10036-2721                 450 Seventh Avenue, Suite 2205
                                                New York, NY 10123
                                                (212) 244-6555