```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x    07 CIV 7680 (RPP)
JOHN W. BOLSCH AND THERESA BOLSCH,

                Plaintiff(s),
                                             ANSWER TO THIRD
                v.                           PARTY COMPLAINT

MW MECHANICAL, INC.,

                Defendant(s).
---------------------------------------x
---------------------------------------x
MW MECHANICAL, INC.,

                Defendant/Third Party
                Plaintiff

                v.

HINES INTERESTS LIMITED PARTNERSHIP AND
140 BW LLC,

                Third Party Defendants
---------------------------------------x
```

Third-Party Defendants, Hines Interests Limited Partnership and 140 BW LLC, by their attorneys, PEREZ & VARVARO, answer the Third Party Complaint of the Third-Party Plaintiffs by stating as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "1".

2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "2".

3. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "3".

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "4".

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "5".

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "6".

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "7".

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "8".

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "9".

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "10".

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "11".

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "12".

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "13".

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "14".

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "15".

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "16".

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "17".

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "18".

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "19".

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "20".

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "21".

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "22".

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "23".

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "24".

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "25".

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "26".

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "27".

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "28".

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "29".

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "30".

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "31".

32. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "32".

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "33".

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "34".

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "35".

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "36".

37. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "37".

38. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "38".

39. Respond to paragraph "39" of the Third Party Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

40. Deny, upon information and belief, the allegations of paragraph "40".

41. Deny, upon information and belief, the allegations of paragraph "41".

42. Deny, upon information and belief, the allegations of paragraph "42".

43. Respond to paragraph "43" of the Third Party Complaint by repeating, reiterating, and realleging all

responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

44. Deny, upon information and belief, the allegations of paragraph "44".

45. Deny, upon information and belief, the allegations of paragraph "45".

46. Deny, upon information and belief, the allegations of paragraph "46".

47. Respond to paragraph "47" of the Third Party Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

48. Deny, upon information and belief, the allegations of paragraph "48".

49. Deny, upon information and belief, the allegations of paragraph "49".

50. Deny, upon information and belief, the allegations of paragraph "50".

51. Respond to paragraph "51" of the Third Party Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

52. Deny, upon information and belief, the allegations of paragraph "52".

53. Deny, upon information and belief, the allegations of paragraph "53".

54. Deny, upon information and belief, the allegations of paragraph "54".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THESE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS:

55. The injuries alleged to have been suffered by the Plaintiffs were caused, in whole or part, by the conduct of Plaintiffs. Plaintiffs' claims therefore are barred or diminished in the proportion that such culpable conduct of Plaintiffs bears to the total culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THESE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS:

56. That this Court has not acquired personal jurisdiction over the person of these Third-Party answering Defendants due to improper service.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THESE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS:

57. Pursuant to CPLR Article 16, the liability of these Third-Party Defendants to the Third-Party Plaintiffs for non-economic loss shall not exceed the equitable share of these Third-Party Defendants determined in accordance with the

relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THESE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS:

58. Upon information and belief the causes of action alleged in the Third Party Complaint of the Third-Party Plaintiffs fail to properly state, specify or allege a cause of action on which relief can be granted as a matter of law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THESE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS:

59. That recovery, if any, on the Complaint of the Plaintiffs shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THESE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS:

60. That if it is determined that these Third-Party answering Defendants are responsible for the acts alleged in the Third Party Complaint then Plaintiffs failed to take appropriate action to mitigate any damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THESE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS:

61. The injuries and damages alleged in the Third Party Complaint of the Third-Party Plaintiffs were caused or

contributed to by Plaintiffs' culpable conduct in assuming the risk under the conditions and circumstances existing.

### AS AND FOR A COUNTER-CLAIM FOR CONTRIBUTION AGAINST: MW MECHANICAL, INC.

62. If any plaintiff recovers against these Third-Party Defendants, then these Third-Party Defendants will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to the plaintiff.

### AS AND FOR A COUNTER-CLAIM FOR COMMON LAW INDEMNITY AGAINST: MW MECHANICAL, INC.

63. If any plaintiff recovers against these Third-Party Defendants, then these Third-Party Defendants will be entitled to be indemnified and to recover the full amount of any judgment from the MW Mechanical, Inc.

WHEREFORE, these Third-Party Defendants demand judgment dismissing the Third-Party Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against these Third-Party Defendants, then these Third-Party Defendants further demand that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and these Third-Party Defendants further demand

judgment against each other party on the respective cross-claims and/or counterclaims.

DATED: February 11, 2008
   Uniondale, New York

            Yours, etc.,

            **PEREZ & VARVARO**
            Attorneys for Third-Party
            Defendants
            **HINES INTERESTS LIMITED**
            **PARTNERSHIP AND 140 BW LLC**

            By: _____
              Joseph Varvaro (4224)
            Office and Post Office Address
            333 Earle Ovington Boulevard
            P.O. Box 9372
            Uniondale, New York 11553-3644
            (516) 745-8310

To:

Law Offices of Michael J. Asta
Attorneys for Plaintiffs
450 Seventh Avenue, Suite 2205
New York, New York 10123

Cohen, Kuhn & Associates
Attorneys for Defendant/Third Party Plaintiff
Two Park Avenue, 6th Floor
New York, New York 10016-5602

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x      07 CIV 7680 (RPP)
JOHN W. BOLSCH AND THERESA BOLSCH,

            Plaintiff(s),                  NOTICE

        v.

MW MECHANICAL, INC.,

            Defendant(s).
------------------------------------x
------------------------------------x
MW MECHANICAL, INC.,

            Defendant/Third Party
            Plaintiff

        v.

HINES INTERESTS LIMITED PARTNERSHIP AND
140 BW LLC,

            Third Party Defendants
------------------------------------x
```

**PLEASE TAKE NOTICE** that Third-Party Defendants **Hines Interests Limited Partnership and 140 BW LLC,** by their attorneys, PEREZ & VARVARO, hereby serve(s) Notice upon you that it **expressly rejects** service of papers in this matter upon them by electronic means.

**PLEASE TAKE FURTHER NOTICE** that waiver of the foregoing may only be affected by express prior written consent to such service by **PEREZ & VARVARO** and by placement thereby of **PEREZ & VARVARO** electronic communication number in the address block of papers filed with the Court.

DATED: February 11, 2008
       Uniondale, New York

                                        Yours, etc.,

                                        **PEREZ & VARVARO**
                                        Attorneys for Third-Party
                                        Defendants
                                        **HINES INTERESTS LIMITED**
                                        **PARTNERSHIP AND 140 BW LLC**

                                        By: _____
                                           Joseph Varvaro (4224)
                                        Office and Post Office Address
                                        333 Earle Ovington Boulevard
                                        P.O. Box 9372
                                        Uniondale, New York 11553-3644
                                        (516) 745-8310

To:

Law Offices of Michael J. Asta
Attorneys for Plaintiffs
450 Seventh Avenue, Suite 2205
New York, New York 10123

Cohen, Kuhn & Associates
Attorneys for Defendant/Third Party Plaintiff
Two Park Avenue, 6th Floor
New York, New York 10016-5602

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x      07 CIV 7680 (RPP)
JOHN W. BOLSCH AND THERESA BOLSCH,

             Plaintiff(s),
                                           AFFIDAVIT OF SERVICE
             v.

MW MECHANICAL, INC.,

             Defendant(s).
------------------------------------x
------------------------------------x
MW MECHANICAL, INC.,

             Defendant/Third Party
             Plaintiff

             v.

HINES INTERESTS LIMITED PARTNERSHIP AND
140 BW LLC,

             Third Party Defendants
------------------------------------x

STATE OF NEW YORK  )
                        ss.:
COUNTY OF NASSAU   )
```

Jeanne McEntyre, being duly sworn, deposes and says: That I am over the age of eighteen years (18) and not a party to this action. That on February 11, 2008, I served upon:

Law Offices of Michael J. Asta
Attorneys for Plaintiffs
450 Seventh Avenue, Suite 2205
New York, New York 10123

Cohen, Kuhn & Associates
Attorneys for Defendant/Third Party Plaintiff
Two Park Avenue, 6th Floor
New York, New York 10016-5602

A true copy of the annexed **ANSWER TO THIRD PARTY COMPLAINT, NOTICE PURSUANT TO CPLR 2103** by depositing it endorsed in a postpaid properly addressed wrapper, in a post office or, official depository under the exclusive care and custody of the United States Postal Service within the State of New York, at the address designated by him or her upon the last paper served by him or her in the action.

_____
Jeanne McEntyre

Sworn and subscribed
Before me on February 11, 2008

_____
Notary Public

07 CIV 7680

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN W. BOLSCH AND THERESA BOLSCH,

        Plaintiff(s),

-against-

MW MECHANICAL, INC.,

        Defendant(s).

---

UNVERIFIED ANSWER TO THIRD PARTY COMPLAINT, AND NOTICE PURSUANT TO CPLR 2103

---

PEREZ & VARVARO
Attorneys for Third Party Defendants
**Hines Interests Limited Partnership and 140 BW LLC**
Office and Post Office Address
333 Earle Ovington Boulevard
P.O. Box 9372
Uniondale, New York 11553-3644
(516) 745-8310