UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN W. BOLSCH and THERESA
BOLSCH,

                        Plaintiffs,

      - against -

MW MECHANICAL, INC., HINES INTERESTS
LIMITED PARTNERSHIP and 140 BW LLC,

                       Defendants.
------------------------------------------------------------X
MW MECHANICAL, INC.,

              Defendant/Third-Party Plaintiff,

-against-

HINES INTERESTS LIMITED PARTNERSHIP
and 140 BW LLC,

              Third-Party Defendants.
------------------------------------------------------------X

**FRCP RULE 7.1 STATEMENT**

Civil No: 07 CIV 7680 (RPP)

**C O U N S E L O R S :**

     **PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure 7.1 which enables judges and magistrate judges of the court to evaluate possible disqualification or refusal, the undersigned counsel for defendant/third-party plaintiff MW MECHANICAL, INC. certifies the following:

    1.    That there are no parent corporations in connection with this answering defendant/third-party plaintiff;

    2.    That the answering defendant/third-party plaintiff's stock is not publicly traded;

    3.    That as a consequence there are no publicly held corporations that own 10% or more of its stock.

     **PLEASE TAKE FURTHER NOTICE**, that pursuant to Federal Rule of Civil Procedure 7.1(b)(1) that any supplemental statement that becomes necessary will be promptly filed.

Dated:  New York, New York
            April 9, 2008

                                          By: Gary P. Asher (GPA 1188)
                                          COHEN, KUHN & ASSOCIATES
                                          Attorneys for Defendant
                                          MW MECHANICAL, INC.
                                          Two Park Avenue, 6th Floor

New York, New York 10016
(212) 553-8736

TO: LAW OFFICES OF MICHAEL J. ASTA
(MJA 1035)
Attorneys for Plaintiffs
JOHN W. BOLSCH and THERESA BOLSCH
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212) 244-6555

PEREZ & VARVARO
By: Joseph Varvaro (4224)
Attorneys for Defendants/Third-
Party Defendants
HINES INTERESTS LIMITED
PARTNERSHIP and 140 BW LLC
333 Earle Ovington Boulevard
P.O. Box 9372
Uniondale, NY 11553-3644
(516) 745-831

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN W. BOLSCH and THERESA
BOLSCH,

                    Plaintiffs,

    - against -

MW MECHANICAL, INC., HINES INTERESTS
LIMITED PARTNERSHIP and 140 BW LLC,

                    Defendants.
------------------------------------------------------------X
MW MECHANICAL, INC.,

                  Defendant/Third-Party Plaintiff,

-against-

HINES INTERESTS LIMITED PARTNERSHIP
and 140 BW LLC,

                  Third-Party Defendants.
------------------------------------------------------------X

**AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH CROSS-CLAIMS**

Civil No: 07 CIV 7680 (RPP)

**Trial by Jury Demanded**

**C O U N S E L O R S :**

    The defendant/third-party, MW MECHANICAL, INC., by its attorneys COHEN, KUHN & ASSOCIATES, answering the plaintiffs' Amended Complaint herein, respectfully alleges, upon information and belief, as follows:

## THE PARTIES

    1.    The defendant denies knowledge or information thereof sufficient to form a belief as to the allegations contained in the paragraphs designated: "1", "2", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39" and "40" of the Amended Complaint.

    2.    The defendant denies the allegations in the form as alleged, contained in the paragraphs designated: "3", "4", "5", "6" and "7" of the Amended Complaint and refers all conclusions of law to the Court and conclusions of fact to the trier of fact.

## JURISDICTION AND VENUE

    3.    The defendant denies the allegations in the form as alleged, contained in the paragraphs designated: "41", "42" and "43" of the Amended Complaint and refers all conclusions of law to the Court and conclusions of fact to the trier of fact.

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4. The defendant denies the allegations in the form as alleged, contained in the paragraphs designated "44" and "45" of the Amended Complaint and refers all conclusions of law to the Court and conclusions of fact to the trier of fact.

5. The defendant denies the allegations in the form as alleged, contained in the paragraphs designated: "46", "47", "48", "49", "50", "51", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "84", "85", "88" and "89" of the Amended Complaint

6. The defendant denies knowledge or information thereof sufficient to form a belief as to the allegations contained in the paragraphs designated: "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67, "82", "83", "86" and "87" of the Amended Complaint.

7. The defendant denies the allegations in the form as alleged, contained in the paragraphs designated: "78", "79", "80" and "81" of the Amended Complaint and refers the contract and all conclusions of law to the Court and conclusions of fact to the trier of fact.

### AS AND FOR A FIRST CAUSE OF ACTION

8. Defendant repeats and reiterates each and every denial contained in paragraphs designated: "1" through "89" as recited in paragraph "90" of the Amended Complaint.

9. The defendant denies the allegations contained in the paragraphs designated: "91", "92", "93", "94" and "95" of the Amended Complaint.

10. The defendant denies the allegations in the form as alleged, contained in the paragraph designated: "96" of the Amended Complaint and refers all conclusions of law to the Court and conclusions of fact to the trier of fact.

### AS AND FOR A SECOND CAUSE OF ACTION

11. Defendant repeats and reiterates each and every denial contained in paragraphs designated: "1" through "96" as recited in paragraph "97" of the Amended Complaint.

12. The defendant denies the allegations in the form as alleged, contained in the paragraph designated: "98" of the Amended Complaint and refers all conclusions of law to the Court and conclusions of fact to the trier of fact.

13. The defendant denies the allegations contained in the paragraphs designated: "99", "100" and "101" of the Amended Complaint and refers all questions of law to the Honorable Court.

### AS AND FOR A THREE CAUSE OF ACTION

14.     Defendant repeats and reiterates each and every denial contained in paragraphs designated: **"1"** through **"101"** as recited in paragraph **"102"** of the Amended Complaint.

15.     The defendant denies the allegations contained in the paragraphs designated: **"103"**, **"104"**, **"105"** and **"106"** of the Amended Complaint and refers all conclusions of law to the Court and conclusions of fact to the trier of fact.

### AS AND FOR A FOURTH CAUSE OF ACTION

16.     Defendant repeats and reiterates each and every denial contained in paragraphs designated: **"1"** through **"106"** as recited in paragraph **"107"** of the Amended Complaint.

17.     The defendant denies knowledge or information thereof sufficient to form a belief as to the allegations contained in the paragraph designated: **"108"** of the Amended Complaint.

18.     The defendant denies the allegations contained in the paragraph designated: **"109"** of the Amended Complaint.

19.     The defendant denies the allegations in the form as alleged, contained in the paragraph designated: **"110"** of the Amended Complaint and refers all conclusions of law to the Court and conclusions of fact to the trier of fact.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20.     Upon information and belief, that the defendant asserts that this case falls within the limited liability provision of State law applicable as substantive law in the federal courts and that the liability of the answering defendant, if any, shall be limited to its equitable share of the total liability.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21.     Upon information and belief, that any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined by State substantive law as applicable to the Federal Courts.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22.     Upon information and belief, any injuries or damages allegedly sustained by the plaintiffs were the result of the plaintiffs' own failure to mitigate said injuries or damages, and if any judgment is recovered against the defendant, said judgment should be apportioned and reduced by the percentage of the failure by the plaintiffs to mitigate said injuries or damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23.   Upon information and belief, that this complaint of the plaintiffs fails to state a cause of action the Federal Rules of Civil Procedure.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24.   Upon information and belief, if plaintiff sustained the injuries alleged in his complaint, then such injuries were not the result of the answering defendant's action or inaction, but rather were the result of intervening and/or superseding acts or occurrences over which the answering defendant did not have control.

### AS AND FOR A SIXTH CAUSE OF ACTION

25.   Upon information and belief, that the facts of this case as alleged by plaintiffs do not constitute any recognizable cause of action under any provision of New York's Labor Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26.   Upon information and belief, that the actions of the plaintiff had certain risks attendant thereto, which were obvious and well known to the plaintiff at all times, and those risks were assumed by plaintiff and whatever injuries and damages the said plaintiff received and which are complained of by plaintiff herein, arose from and were caused by those risks thus assumed by plaintiff, and well known to the plaintiff herein.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27.   Upon information and belief, plaintiff is limited to Worker's Compensation or its Federal equivalent for the aforesaid injuries and is precluded from getting any recovery against this answering defendant.

### AS AND FOR A FIRST CROSS CLAIM AGAINST DEFENDANTS/ THIRD-PARTY DEFENDANTS: HINES INTEREST LIMITED PARTNERSHIP AND 140 BW LLC, ANSWERING DEFENDANT/ THIRD-PARTY PLAINTIFF: MW MECHANICAL, INC., ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

28.   Upon information and belief, if the plaintiff sustained the injuries as indicated in the complaint, all of which have been denied by defendant and third-party plaintiff, then such injuries were caused in whole or in part by the negligence, culpable conduct, negligent maintenance and breach of contract of the defendants/third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises.

29.   By reason of the foregoing, the defendants/third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, are or will be liable to the defendant and third-party plaintiff for indemnification and judgment over and contribution in the full amount of recovery

herein by the plaintiffs against the defendant and third-party plaintiff or the portion thereof caused by the relative responsibility of the defendants/third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises and for all costs and expenses incurred with respect to this action.

30. If any judgment is rendered against the defendant and third-party plaintiff, then said liability, verdict and/or judgment will have been brought about by the negligence, culpable conduct and negligent maintenance and repair and/or breach of contract in relation to the premises, and the defendants/third party defendants under the New York State Labor Law liability under Sections 240, 200 and 241(6) and repair and breach of contract of the third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, and in providing tools, manpower and appurtenance in the maintenance and servicing of the equipment blower units and motor mounts at premises 140 Broadway, New York, New York.

**AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANTS/ THIRD-PARTY DEFENDANTS: HINES INTEREST LIMITED PARTNERSHIP AND 140 BW LLC, ANSWERING DEFENDANT/ THIRD-PARTY PLAINTIFF:
MW MECHANICAL, INC., ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

31. That pursuant to the aforementioned, defendants/third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, should be compelled to indemnify, defend and hold harmless defendant and third-party plaintiff from all claims and damages arising and for the full amount of any recovery claimed or obtained as against defendant and third-party plaintiff, if any.

32. That if defendant and third-party plaintiff is liable to plaintiff herein for damages, costs, disbursements, interests and attorney's fees, then defendants/third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, are obligated to indemnify defendant and third-party plaintiff, MW MECHANICAL, INC., for all or part of any amount paid or payable by defendant and third-party plaintiff, MW MECHANICAL, INC., to the plaintiff.

33. That if the plaintiff was caused to sustain the injuries and damages as alleged in plaintiff's complaint through any negligence other than that of the plaintiff, then such damages were brought about by defendants/third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises and shall be found to contribute a proportionate amount or the whole of any judgment rendered against defendant/ Third Party Plaintiff, MW MECHANICAL, INC,.

**AS AND FOR A THIRD CROSS CLAIM AGAINST DEFENDANTS/
THIRD-PARTY DEFENDANTS: HINES INTEREST LIMITED
PARTNERSHIP AND 140 BW LLC, ANSWERING DEFENDANT/**

**THIRD-PARTY PLAINTIFF: MW MECHANICAL, INC.,
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

34. Prior hereto and prior to the date of the occurrence which forms the basis of the plaintiff's action, upon information and belief, defendant and third-party plaintiff, MW MECHANICAL, INC., their agents, servants and/or employees entered into contracts and/or agreements with the defendants/third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, and defendants/third-party defendants entered into contracts, leases and agreements with the plaintiff's employer Brown Brothers Harriman in which defendant, third party plaintiff is a third party beneficiary of whereby the defendants/ third-party defendants agreed to defend, hold harmless and indemnify defendant and third-party plaintiff, MW MECHANICAL, INC., from each and every acts of omission or commission which formed the basis of any claim relative to the subject matter hereof.

35. That if the plaintiff's injuries and/or damages were sustained as alleged in the plaintiff's complaint, then pursuant to the aforesaid contracts and/or agreements, the defendants/third-party defendants, HINES INTERESTS LIMITED PARTNERSHIP, and 140 BW, LLC as owners and managing agents of the premises, are obligated to defend, indemnify and hold harmless defendant and third-party plaintiff pursuant to the terms thereof, including all costs, disbursements and attorney fees.

36. If the plaintiff's injuries and/or damages were sustained as alleged in the plaintiff's complaint, the defendant and third-party plaintiff therefore, will be damaged and entitled to defense and indemnification from the defendants/third-party defendants, including for the legal expenses and costs incurred in defending against the plaintiff's and third-party plaintiff's claim and pursuant to this third-party action.

**AS AND FOR A FOURTH CROSS CLAIM AGAINST DEFENDANTS/ THIRD-PARTY DEFENDANTS: HINES INTEREST LIMITED PARTNERSHIP AND 140 BW LLC, ANSWERING DEFENDANT/ THIRD-PARTY PLAINTIFF:
MW MECHANICAL, INC., ALLEGES UPON INFORMATION
 AND BELIEF AS FOLLOWS:**

37. That pursuant to the said contracts and/or agreements, including lease agreement with plaintiff's employer Brown Brother Harriman in which defendant third party plaintiff is a third party beneficiary of, upon information and belief, the defendants/ third-party defendants undertook certain duties and obligations pertinent thereto, including procurement of insurance coverage naming defendant and third-party plaintiff an insured therein.

38. That if the plaintiff sustained the injuries and damages alleged in his Complaint, they were sustained within the provisions of the aforesaid contracts, lease and/or agreement and/or the terms and conditions emanating therefrom.

39. If the plaintiff's injuries and/or damages were sustained as alleged in the plaintiff's complaint, the defendant and third-party plaintiff therefore, will be damaged and entitled to defense and indemnification and insurance from the defendants/third-party defendants, including for the legal expenses and costs incurred in defending the plaintiff's claim and pursuing this third-party action.

40. That if plaintiffs sustained the injuries and damages in the manner and at the time and place alleged, and it is found that the answering defendant/third-party plaintiff is liable to plaintiffs herein, all of which is specifically denied then said answering defendant/third-party plaintiff, on the basis of apportionment of responsibility and/or contractual responsibility, for the alleged occurrence, is entitled to indemnification from and judgment over and against the aforementioned defendants/third-party defendants for all or part of any verdict or judgment that plaintiffs may recover against answering defendant/third-party plaintiff.

That by reason of this action, said answering defendant/third-party plaintiff has been and will be put to costs and expenses including attorneys fees.

**WHEREFORE**, defendant/third-party plaintiff, MW MECHANICAL, INC., demands judgment dismissing the plaintiffs Amended Complaint or in the event that plaintiffs recover any sum of money against this defendant/third-party plaintiff, then this defendant/third-party plaintiff demands judgment over against co-defendants/third-party defendants above named as to any such amount, together with such other and further relief as is proper.

Dated: New York, New York
April 9, 2008

By: Gary P. Asher (GPA 1188)
COHEN, KUHN & ASSOCIATES
Attorneys for Defendant
MW MECHANICAL, INC.
Two Park Avenue, 6th Floor
New York, New York 10016
(212) 553-8736

TO: LAW OFFICES OF MICHAEL J. ASTA
(MJA 1035)
Attorneys for Plaintiffs
JOHN W. BOLSCH and THERESA BOLSCH
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212) 244-6555

PEREZ & VARVARO
By: Joseph Varvaro (4224)
Attorneys for Defendants/Third-

Party Defendants
HINES INTERESTS LIMITED
PARTNERSHIP and 140 BW LLC
333 Earle Ovington Boulevard
P.O. Box 9372
Uniondale, NY 11553-3644
(516) 745-831

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF NEW YORK       )

GARY P. ASHER, being duly sworn, deposes and says:

I am an attorney associated with the firm of COHEN, KUHN & ASSOCIATES, the attorneys of record for defendant/third-party plaintiff, MW MECHANICAL, INC., in the within action.

I have read the foregoing **AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** and know the contents thereof.

The same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

This verification is made by deponent and not by defendants as defendants do not reside in New York County.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

*Review of File Contents*

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       April 9, 2008

_____
GARY P. ASHER (GPA 1188)

*AFFIDAVIT OF SERVICE*

STATE OF NEW YORK      )
                       ) SS:
COUNTY OF NEW YORK     )

MARIE SOUFFRANT-SANTIAGO, being duly sworn, deposes and says that she is employed in the law office of COHEN, KUHN & ASSOCIATES at Two Park Avenue, 6th Floor, New York, NY 10016, that on the 14th day of April, 2008, deponent, who is not a party to this action and is over eighteen years of age, served the annexed – AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT - upon:

LAW OFFICES OF MICHAEL J. ASTA -   (MJA 1035)
                       Attorneys for Plaintiffs
                       JOHN W. BOLSCH and THERESA BOLSCH
                       450 Seventh Avenue, Suite 2205
                       New York, NY 10123
                       (212) 244-6555

PEREZ & VARVARO        Attorneys for Defendants/Third-Party Defendants
By: Joseph Varvaro (4224)   HINES INTEREST LIMITED PARTNERSHIP,
                       and 140 BW LLC
                       333 Earle Ovington Boulevard
                       P.O. Box 9372
                       Uniondale, NY 11553-3644
                       (516) 745-8310

in this action, by depositing a true copy thereof properly and securely endorsed in a duly postpaid wrapper, in a post-office box in the County of New York, New York regularly maintained by the government of the United States at Two Park Avenue, 6th Floor, New York, NY 10016 and under the care of the New York, New York Post-office, which is the post-office of COHEN, KUHN & ASSOCIATES, attorneys for the defendant/third-party plaintiff, MW MECHANICAL, INC., herein directed to the addresses shown above, that being the addresses within the State designated by said attorneys for that purpose upon the last preceding papers in this action.

                       _____
                       MARIE SOUFFRANT-SANTIAGO

Sworn to before me this
14th day of April, 2008
_____
NOTARY PUBLIC

GARY P. ASHER
Notary Public, State of New York
No. 01-4675223
Qualified in New York County
Commission Expires May 31, 2010